FRED C. BLACK, APPELLANT, v. W. H. SCHMITZ, M.D., AND IMMANUEL MEDICAL CENTER, A CORPORATION, APPELLEES.

318 N.W.2d 746

Filed April 23, 1982. No. 81-776.

Walter J. Matejka, for appellant.

Joe P. Cashen and Daniel P. Chesire of Kennedy, Holland, DeLacy & Svoboda, for appellee Schmitz.

Thomas J. Walsh and Sally Millett Rau of Walsh, Walentine, Miles & O'Toole, for appellee Immanuel.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

This is a medical malpractice action. The District Court entered summary judgment in favor of defendants and plaintiff has appealed.

The plaintiff filed this action in 1975 alleging medical malpractice in connection with a surgical resection of the prostate performed by the defendant physician in the defendant hospital in 1973. The petition was dismissed for lack of prosecution in 1978, but reinstated over objections. On January 27, 1981, the case was again placed on the dismissal docket, and on February 12, 1981, the District Court again removed the case from the dismissal docket on condition that the matter be certified for trial within 30 days.

The defendants thereafter moved for summary judgment. At the hearing on the motions the court file and the deposition of the only medical witness listed by the plaintiff were introduced into evidence. The deposition established that the medical witness was a psychiatrist, was not familiar with surgical procedures, and would not appear at the trial to testify. Plaintiff's counsel conceded that plaintiff had no other medical expert witness who could testify.

The petition alleged negligence by the defendant physician in four specific particulars. The defendant physician's answer admitted that he performed an operation on plaintiff but denied each allegation of specific negligence. For further answer, the defendant physician alleged "that at all times through-

out the course of his care and treatment of plaintiff he acted in accordance with good medical and surgical practice as followed by other physicians in Omaha, Douglas County, Nebraska; that throughout the course of treatment he possessed and exercised that degree of skill and learning ordinarily possessed and exercised by members of his profession in good standing practicing in the area of Omaha, Nebraska, and at all times he used reasonable care and diligence in the exercise of his skill and in the application of his learning and at [sic] all according to his best medical judgment." That answer was filed September 22, 1975, and no reply was ever filed.

In the absence of any affidavit or deposition of a medical expert witness for the defendants establishing the facts alleged in the answer, there was no evidence upon which the trial court could enter a summary judgment. It is obvious, however, that the plaintiff was still not ready for trial and was still unable to remedy a long-continued lack of prosecution.

REVERSED AND REMANDED.